**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**NORFOLK DIVISION**

| | | |
|---|---|---|
| A&M HARDWARE, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 2:26-cv-667 |
| | : | |
| U.S. FUTABA, INC.; | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

**COMPLAINT**

Plaintiff A&M Hardware, Inc. ("**A&M**" or "**Plaintiff**") files this Complaint against Defendant U.S. Futaba, Inc. ("**FUTABA**" or "**Defendant**") and avers as follows:

**THE PARTIES**

1.      Plaintiff A&M is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 1165 Strickler Road, Mount Joy, Pennsylvania, 17552.

2.      Upon information and belief, Defendant FUTABA is a corporation organized and existing under the laws of California with a principal place of business in Chesapeake, Virginia located at 525 Byron St., Suite C.

**NATURE OF THE ACTION**

3.      A&M re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

4.      This is a Civil Action for Infringement of U.S. Patent No. D805,880 S (the "**A&M Patent**") under the Patent Laws of the United States, Title 35 U.S.C. § 1 *et seq*. A copy of the A&M Patent is attached hereto as Exhibit "A".

5.     The A&M Patent claims the ornamental design, as shown and described in the patent, of a concealed flat bracket.

6.     A&M is the owner of the entire right, title, and interest in the A&M Patent.

7.     FUTABA has and continues to make, sell, use, and offer for sale a bracket (the "Infringing Bracket") whose design infringes the A&M Patent. A copy of the Infringing Bracket's listing in FUTABA'S 2025 General Catalog is attached hereto as Exhibit "B".

<u>**JURISDICTION AND VENUE**</u>

8.     A&M re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

9.     This Court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, including Title 35 U.S.C. § 271 *et seq*.

10.     The Court has general personal jurisdiction over FUTABA, because FUTABA's principal place of business is in this District.

11.     This Court also has specific personal jurisdiction over FUTABA because, among other things, FUTABA committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in violation of Title 35 U.S.C. § 271 in this judicial district that has led to foreseeable harm and injury to A&M.

12.     In particular, upon information and belief, for approximately twenty-five (25) years, FUTABA has offered "full service to [its] customer base east of the Mississippi, including sales, order processing customer, service, purchasing, and account centers" from its East Coast headquarters located at 525 Byron St., Suite C, Chesapeake, Virginia 23320.[1]

---

[1] https://www.usfutaba.com/about/

13.    Venue of this action is proper in this Judicial District under 28 U.S.C. § 1400 as FUTABA has committed acts of infringement and has a regular and established place of business in this District.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. D805,880 S

14.    A&M re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

15.    On December 26, 2017, the A&M Patent, was duly and legally issued for a design of a bracket.

16.    The Article of Manufacture for the A&M Patent's claimed design is a "bracket".

17.    A&M owns all right, title, and interest in the A&M Patent.

18.    The A&M Patent is valid and enforceable.

19.    Since at least 2018, A&M has marked its products as protected by the A&M Patent. *See* A&M's C/EC Flat Concealed Brackets Cutsheet attached as Exhibit "C", hereto.

20.    FUTABA has infringed and is still infringing the A&M Patent by making, using, selling, and/or offering for sale in the United States designs encompassed by the A&M Patent, including, for example, the Infringing Bracket.

21.    As shown below, the Infringing Bracket is virtually identical to the design claimed in the A&M Patent:

3

| A&M Patent | FUTABA'S Infringing Bracket |
|---|---|
|  | |

22. The ornamental design of the Infringing Bracket is substantially the same as the claimed design of the A&M Patent, such that, in the eye of an ordinary observer familiar with the prior art, the Infringing Patent so resembles the claimed design that purchaser would purchase one supposing it to be the other.

23. The Infringing Bracket is the same article of manufacture as the claimed design of the A&M Patent, in that the Infringing Bracket is a "bracket".

24. The Infringing Bracket is not prior art pursuant to 35 U.S.C. § 102.

25. FUTABA is aware of the A&M Patent and its infringement has been and continues to be knowing, intentional, and willful.

26. FUTABA'S acts of infringement have caused and will continue to cause A&M damages.

27. FUTABA has actual notice of that it is infringing the A&M Patent.

28. A&M is entitled to lost profits or a reasonable royalty under 35 U.S.C. § 284.

29.    A&M is entitled to FUTABA's total profits under 25 U.S.C. § 289.

30.    Under 35 U.S.C. § 285, FUTABA's infringement of the A&M Patent renders this case exceptional and, as such, A&M is entitled to an award of reasonable attorney's fees.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a)    judgment in favor of Plaintiff, that Defendant has infringed the A&M Patent;

(b)    an award of monetary damages to which Plaintiff is entitled under Title 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

(c)    an award of monetary damages to which Plaintiff is entitled under Title 35 U.S.C. § 289 in the amount of Defendant's total profit from its infringement;

(d)    an order permanently enjoining Defendant from infringing the A&M Patent through its remaining period of validity;

(e)    a judgment and order, pursuant to Title 35 U.S.C. § 285, requiring Defendant to pay the costs of this action, including all attorney's fees;

(f)    an award of pre-judgment and post-judgment interest;

(g)    an order awarding such other and further relief as this Court deems just and proper.

Plaintiff hereby demands a Trial by Jury on all issues so triable.

Dated:  June 26, 2026                         Respectfully submitted,


        /s/ Matthias J. Kaseorg

Matthias J. Kaseorg, Esq. (VSB No. 86421)
Avodah Legal, PLLC
406 W. Franklin Street
Richmond, VA 23220
Tel: (804) 564-2030
Fax: (213) 510-9135
mkaseorg@avodahlegal.com

M. Kelly Tillery, Esquire, *pro hac vice forthcoming*
PA Attorney I.D. No. 30380
ktillery@saxtonstump.com
Alec J. Johnson, Esquire, *pro hac vice forthcoming*
PA Attorney I.D. No. 332528
ajj@saxtonstump.com
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
(717) 556-1034

*Attorneys for Plaintiff A&M Hardware, Inc.*

6